**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CITIBANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 3608 |
| | ) | |
| RICHARD A. GRAFMEYER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Originally, Plaintiff Citibank, N.A. ("Citibank") filed the present breach of contract claim

in the Circuit Court of Cook County, Illinois. Pursuant to 28 U.S.C. § 1441(a), Defendant

Richard A. Grafmeyer ("Grafmeyer") removed this action to federal court. Citibank now seeks

to have this case remanded to state court pursuant to 28 U.S.C. § 1447(c). Specifically, Citibank

contends that Grafmeyer failed to file his Notice of Removal within 30 days after service of the

complaint as required under 28 U.S.C. § 1444(b). For the following reasons, the Court grants

Citibank's motion to remand.

## LEGAL STANDARD

Removal of actions from state to federal court is governed by 28 U.S.C. § 1441, which

provides that "any civil action brought in a State court of which the district courts of the United

States have original jurisdiction, may be removed by the defendant or the defendants, to the

district court of the United States for the district and division embracing the place where such

action is pending." 28 U.S.C. § 1441(a); *see, e.g., Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1018 (7th

Cir. 2004).[1]  Section 1446(b) provides that a defendant must file his notice of removal within 30

days after service of the complaint.  *See* 28 U.S.C. § 1446(b).  "Although the 30-day time limit in

§ 1446(b) is not jurisdictional, it is mandatory and strictly applied."  *McCoy v. General Motors*

*Corp.,* 226 F.Supp.2d 939, 943 (N.D.Ill. 2002) (citations omitted).  The defendant has the burden

of establishing that an action is removable and doubts concerning removal are resolved in favor

of remand to the state court.  *See id.; see also Boyd v. Phoenix Funding Corp.,* 366 F.3d 524, 529

(7th Cir. 2004) (party seeking removal bears burden of demonstrating removal is proper).

### ANALYSIS

In its motion to remand, Citibank contends that Grafmeyer was served with a copy of the

summons and complaint on May 14, 2005, and thus his attempt to remove this action to federal

court on June 21, 2005 was eight days late.  In support of its motion to remand, Citibank

provides the Court with the affidavit of service and summons that follows the form provided by

Illinois Supreme Court Rule 101(d).  This return affidavit indicates that Grafmeyer was

personally served at his home address in Potomac, Maryland on May 14, 2005.  Citibank also

provides an affidavit from the server, Stanley Hester, and the affidavit of Hester's supervisor

concerning the circumstances surrounding Grafmeyer's service of summons.  Grafmeyer, on the

other hand, avers that he was served with the summons and complaint on May 22, 2005 and that

the copy of his summons issued by the Circuit Court of Cook County is not dated.

Under the Illinois Code of Civil Procedure, personal service outside of the state of

---

[1]  Prior to April 25, 2005, Northern District of Illinois Local Rule 81.2 provided the required procedures regarding removal.  The Local Rules Committee has withdrawn Local Rule 81.2 because "[i]t imposes burdens on the manner in which lawyers practice in state courts without significant benefit and without clear authority to do so."  *See* Committee Comment to Local Rule 81.2.

Illinois requires that the server file an affidavit stating the time, manner, and place of service. *See* 735 ILCS 5/2-208(b); *In re Marriage of Lewis,* 213 Ill.App.3d 1044, 1045, 157 Ill.Dec. 782, 572 N.E.2d 1246 (Ill.App.Ct. 1991). Here, Hester completed the required affidavit stating that Grafmeyer was served on May 14, 2005, at 1:31 p.m. at his home address of 8717 Post Oak Road, Potomac, MD 20864. Nevertheless, Grafmeyer challenges the return affidavit because Hester identified Grafmeyer as 38 years old and weighing 165 pounds, whereas Grafmeyer states that he is 48 years old and weighs 210 pounds.

Under Section 2-208 of the Illinois Code of Civil Procedure, the server is not required to specify the defendant's weight and age. *See* 735 ILCS 5/2-208(b). Further, under Illinois' individual service statute, the affidavit must reflect the defendant's sex, race, and approximate age. *See* 735 ILCS 5/2-203. Here, in the return affidavit, Hester provided Grafmeyer's sex, race, and approximate age, albeit ten years younger. Grafmeyer has not provided any legal authority that the discrepancy in his age somehow invalidates the affidavit. In fact, "Illinois courts have held that even a return which altogether omits the defendant's age is not necessarily facially invalid." *Fleet Mortgage Corp. v. Wise,* No. 92 C 1102, 1997 WL 305319, at *3 (N.D. Ill. May 29, 1997) (citing *Principal Mut. Life Ins. Co. v. Dohm,* 201 Ill.App.3d 960, 147 Ill.Dec. 391, 559 N.E.2d 564, 566 (Ill.App.Ct. 1990)); *see also Pineschi v. Rock River Water Reclamation Dist.*, 346 Ill.App.3d 719, 724, 282 Ill. Dec. 224, 805 N.E.2d 1241 (Ill.App.Ct. 2004) (twelve year error concerning defendant's age did not invalidate return of service). Therefore, this argument is without merit.[2]

---

[2] Grafmeyer also challenges the return affidavit because the server attempted to serve him at an address in the state of Virginia on May 11, 2005. This argument is irrelevant because Citibank does not contend that Grafmeyer was properly served on May 11, 2005.

The Court thus turns to the conflicting affidavits, including the return affidavit, concerning the date on which Grafmeyer was served with the summons and complaint. "The Illinois Supreme Court has held that an affidavit of service constitutes prima facie evidence of proper service." *Torrespico v. Columbia Coll.,* No. 97 C 8881, 1998 WL 703450, *5 (N.D.Ill. Sept. 30, 1998) (citing *In re Jafree,* 93 Ill.2d 450, 454, 67 Ill.Dec. 104, 444 N.E.2d 143 (Ill. 1982)). Courts will not set aside return affidavits unless the defendant has "impeached the return by clear and satisfactory evidence." *Id.* (citing *In re Jafree,* 93 Ill.2d at 454). "An uncorroborated defendant's affidavit denying the propriety of service is inadequate to overcome the presumption favoring an affidavit of service." *Id.*

Here, Grafmeyer does not provide any additional evidence besides his uncorroborated affidavit, and thus he has failed to "impeach" the return affidavit. *See id.; see also Pineschi,* 346 Ill.App.3d at 724 ("return of summons is prima facie proof of proper service; that proof can be overcome only by clear and convincing evidence"). Furthermore, Citibank has provided additional evidence that undermines Grafmeyer's claim that he was served on May 22, 2005. Specifically, Citibank has provided the affidavit of Hester's supervisor, Verella Osborne, and supporting documentation. In her affidavit, Osborne avers that Hester called her on May 16, 2005 to tell her that he had successfully served Grafmeyer on May 14, 2005. Further, Osborne avers that she received Hester's affidavit of service via fax on May 18, 2005 and that on May 20, 2005, she received the original affidavit of service in the regular mail. As such, Osborne's affidavit creates serious doubt as to whether Grafmeyer was served on May 22, 2005, as Grafmeyer avers. Because the Court must resolve all doubts in favor of remand to the state court, *see Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993), Citibank's motion to

4

remand is granted.[3]

Finally, Grafmeyer argues that the date of service did not trigger the 30-day time limit under Section 1446(b) because Citibank's initial pleading did not reveal a ground for removal. *See Sullivan v. Conway,* 157 F.3d 1092, 1094 (7th Cir. 1998). Specifically, Grafmeyer, a citizen of Maryland, asserts that it was not apparent from the state court complaint that the parties had diversity of citizenship under 28 U.S.C. § 1332(a). *See Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997) (where details of citizenship are obscured, omitted, or misstated, defendant not bound by 30 day limit). In paragraph one of Citibank's original complaint, however, Citibank unequivocally alleges that its principal place of business is New York. As such, Citibank did not obscure, omit, or misstate details of its citizenship. *See id.* Furthermore, in his notice of removal of action, Grafmeyer acknowledges that Citibank's principal place of business is New York. Also in the notice of removal, Grafmeyer cites legal authority holding that for purposes of diversity jurisdiction, a national bank is located in and a citizen of the state of its principal place of business. *See Firstar Bank, N.A. v. Faul,* 253 F.3d 982, 994 (7th Cir. 2001). Moreover, the original complaint plainly states that the amount in controversy is $134,489.33 – substantially over the $75,000 jurisdictional threshold for diversity jurisdiction. In sum, Grafmeyer's argument is without merit.

---

[3] Grafmeyer has not provide the Court with any legal authority that his undated copy of the summons somehow invalidates the return affidavit and it is not the Court's role to research and make Grafmeyer's argument for him. *See Corley v. Rosewood Care Ctr., Inc.*, 388 F.3d 990, 1006-07 (7th Cir. 2004).

## CONCLUSION

For these reasons, the Court grants Citibank's motion to remand this action to state court.

The case is hereby remanded to the Circuit Court of Cook County.

Dated:  July 27, 2005

                                 **ENTERED**

                                 **AMY J. ST. EVE**
                                 **United States District Court Judge**